UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNESHIA POWELL,

    Plaintiff,

v.                                                     CASE NO..: 8:25-cv-2523

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

**COMPLAINT AND JURY DEMAND**

1. Plaintiff, WAYNESHIA POWELL ("Plaintiff"), brings this action against Defendant, HOME DEPOT U.S.A., INC. ("Defendant"), for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Title VII) and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. (FCRA).

2. Plaintiff alleges that Defendant took adverse employment actions against her—including a detrimental schedule change and subsequent termination—in direct retaliation for her protected activity of complaining about sexual harassment.

**PARTIES**

3. Plaintiff, WAYNESHIA POWELL, is a citizen of the State of Florida residing in Bradenton, Florida. She was an employee of Defendant until her termination on or about January 13, 2025.

4. Defendant, HOME DEPOT U.S.A., INC., is a foreign for-profit corporation

authorized to do business in the State of Florida and operates a retail location at 5820 SR-64 E, Bradenton, FL 34208. The Home Depot is an employer within the meaning of Title VII and the FCRA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because the unlawful employment practices were committed within this district.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant on February 28, 2023, and was employed as a Flooring Associate and, later, a Plumbing Associate.

8. Plaintiff maintained a satisfactory attendance record throughout her employment.

9. Plaintiff worked with a male coworker who spoke to her with intimate pet names like "mommy" and was very touchy-feely. This attention, including the touching, was unwanted. Plaintiff asked her male coworker to stop, however, he continued. The male coworker treated all his female coworkers like this, regardless of their preference that he should not speak to them or touch them in this manner.

10. On or about December 3, 2024, Plaintiff engaged in protected activity by complaining of what she considered sexual harassment by her male coworker to a human resources representative.

11. Plaintiff holds a good-faith, reasonable belief that the conduct of her male coworker, as described above, violated Title VII & FCRA and constituted sexual

2

harassment of female employees, including herself.

12. On December 4, 2024, the day immediately following her complaint, Plaintiff's work schedule was abruptly changed. Her shift was moved from a 6:00 a.m. start time to a 4:00 a.m. start time. Plaintiff had no say in this schedule change.

13. A supervisor told Plaintiff that her schedule had to be changed because "you are the one with the issue" and that the male coworker's schedule could not be changed.

14. The schedule change created a severe hardship for Plaintiff, as she is a single mother, and the new hours, without advanced notice, made it impossible for her to arrange for childcare consistently and to bring her child to school or make other arrangements.

15. As a direct result of the hardship caused by the retaliatory schedule change, Plaintiff began to be late and have absences from her new shifts because the new schedule was impossible for her to accommodate without advance notice or assistance with childcare.

16. Further, the stress of the schedule change on both Plaintiff and her child, created severe emotional distress in Plaintiff. Plaintiff was physically and emotionally drained during this time period as a result of the retaliatory transfer and the certainty that this change would eventually lead to termination under the attendance policy.

17. Plaintiff's repeated complaints to management regarding the retaliatory schedule change were unheeded. Plaintiff also complained to the District Manager and

District Human Resources via electronic mail about her inability to work the new schedule.

18. After several weeks of accruing points under the attendance policy and requesting help with her schedule, the Plaintiff was moved back to her original schedule.

19. After Plaintiff returned to her 6:00 am schedule, she didn't have any tardies or absences.

20. On January 13, 2025, Defendant terminated Plaintiff's employment, citing the absences and tardiness caused by the schedule change that was impossible for her to perform as a single mother without any advanced notice.

21. Defendant has a generous tardiness and absenteeism policy, which specifically allows a certain level of non-compliance with an employee's schedule.

22. While Plaintiff was not perfect, her attendance was satisfactory during the relevant period.

23. Defendant moved Plaintiff to a schedule that she could not perform because she engaged in protected activity.

24. But for the points Plaintiff accrued because of her new scheduled change, she would not have been terminated.

25. Defendant's retaliatory placement of Plaintiff on an impossible schedule is the but-for cause of her termination.

26. Defendant's actions constitute unlawful retaliation. Plaintiff was subjected to adverse employment actions in close temporal proximity to her protected activity.

27. Plaintiff has properly exhausted all administrative prerequisites prior to filing the

instant lawsuit.

28. On or around March 18, 2025, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging, among other things, sexual harassment and retaliation.

29. On June 23, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant (EEOC Charge No. 511-2025-01637).

30. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue.

31. Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

32. All conditions precedent to bringing this action have been performed or have occurred.

## COUNT I: RETALIATION UNDER TITLE VII

33. Plaintiff incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

5

34. Plaintiff is a member of a protected class under Title VII on the basis of her sex/female gender.

35. As an employee of Defendant, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected expression or activity under Title VII.

36. In opposing the harassment and discriminatory behavior, Plaintiff had a good faith, reasonable belief that she had been or was being subjected to unlawful sexual harassment and a hostile work environment. At all times relevant herein, Plaintiff acted in good faith and with the objective and subjective belief that violations by Defendant's employees of Title VII had occurred. As such, Plaintiff engaged in statutorily protected activity within the meaning of Title VII.

37. Both Defendant's actions of (a) changing Plaintiff's schedule and (b) terminating Plaintiff constitute adverse actions.

38. Defendant, through its employees, supervisors, managers, and agents, was aware of Plaintiff's statutorily protected expressions and activities when it subjected her to adverse employment actions. More specifically, Plaintiff was subjected to these adverse employment actions after she engaged in statutorily protected expressions and activities.

39. Plaintiff's protected expressions and activities were the but-for-cause in each of these adverse employment actions. Each of these adverse employment actions was taken because of Plaintiff's statutorily protected expressions and activities.

40. The retaliatory and discriminatory conduct of Defendant, through its employees, supervisors, managers, and agents, against Plaintiff resulting from her engagement in statutorily protected activity under Title VII as alleged herein has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

41. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer lost wages and benefits, past and future; and noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other non-pecuniary losses and intangible injuries.

42. Defendant's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

43. The Defendant's actions, following the Plaintiff's repeated pleas for assistance with her schedule, establish that Defendant acted with malice or reckless disregard for the Plaintiff's rights under Title VII.

**COUNT II: RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

44. Plaintiff incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

45. Plaintiff is a member of a protected class under FCRA on the basis of her sex/female gender.

46. As an employee of Defendant, Plaintiff was protected against retaliatory adverse

employment action for engaging in statutorily protected expression or activity under FCRA.

47. In opposing the harassment and discriminatory behavior, Plaintiff had a good faith, reasonable belief that she had been or was being subjected to unlawful sexual harassment and a hostile work environment. At all times relevant herein, Plaintiff acted in good faith and with the objective and subjective belief that violations by Defendant's employees of FCRA had occurred. As such, Plaintiff engaged in statutorily protected activity within the meaning of FCRA.

48. Both Defendant's actions of (a) changing Plaintiff's schedule and (b) terminating Plaintiff constitute adverse actions.

49. Defendant, through its employees, supervisors, managers, and agents, was aware of Plaintiff's statutorily protected expressions and activities when it subjected her to adverse employment actions. More specifically, Plaintiff was subjected to these adverse employment actions after she engaged in statutorily protected expressions and activities.

50. Plaintiff's protected expressions and activities were the but-for-cause in each of these adverse employment actions. Each of these adverse employment actions was taken because of Plaintiff's statutorily protected expressions and activities.

51. The retaliatory and discriminatory conduct of Defendant, through its employees, supervisors, managers, and agents, against Plaintiff resulting from his engagement in statutorily protected activity under FCRA as alleged herein has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

52. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of FCRA, Plaintiff has suffered, continues to suffer lost wages and benefits, past and future; and noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other non-pecuniary losses and intangible injuries.

53. Defendant's actions constitute unlawful retaliation in violation of FCRA.

54. The Defendant's actions, following the Plaintiff's repeated pleas for assistance with her schedule, establish that the Defendant acted with malice or reckless disregard for the Plaintiff's rights under FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WAYNESHIA POWELL, respectfully requests this Court to enter judgment against Defendant, THE HOME DEPOT, INC. and grant the following relief:

a. A declaration that Defendant's actions constitute unlawful retaliation in violation of Title VII and the Florida Civil Rights Act;

b. Back pay, with prejudgment interest;

c. Compensatory damages for emotional distress, pain, and suffering.

d. Punitive damages;

e. Reinstatement or Front Pay;

f. Reasonable attorneys' fees and costs; and

g. Any other relief that this Court deems just and proper.

## JURY DEMAND

55. Plaintiff, Wayneshia Powell, hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of September 2025,

/s/ *Frank M. Malatesta*
FRANK M. MALATESTA
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*